PRICE, Judge.
This action was brought by L. T. O’Neal against P. A. Williams seeking to collect the balance due on a promissory note signed by defendant on August 1, 1969, in the principal amount of $7,977.49, due and payable on demand, bearing interest at ten percent per annum from date and providing for twenty percent of these amounts as attorney’s fees should default occur. Plaintiff further alleges this note 'is secured by two collateral notes identified with mortgages on real estate owned by defendant as follows:
(1). A note executed by Williams to the order of Solon E. Smith, dated February 24, 1960, for $4,218, payable in 74 monthly installments of $57 each, secured by vendor’s lien and mortgage, which note is endorsed by the payee without recourse to the order of plaintiff.
(2). A note executed by P. A. Williams and wife in the sum of $2,000, dated January 24, 1962, to the order of “Myself” and endorsed in blank, payable on demand, with interest at eight percent per annum and secured by a special mortgage on the same real estate as identified with the above described note.
Plaintiff alleges payments totaling the sum of $1,400 had been made on the note and seeks judgment for the balance owed of $6,577.49, with interest of eight percent per annum from August 1, 1969, until paid, and twenty percent of these amounts as attorney’s fees. Plaintiff also requests the vendor’s lien and special mortgages securing the collateral notes be recognized and maintained.
In answer to plaintiff’s petition defendant entered a general denial, alleging other credits are due and asked for a detailed accounting. Subsequent to filing of his answer defendant filed exceptions of no cause of action and prescription, alleging the February 24, 1960, and January 24, 1962 notes had been'paid; that the August 1, 1969 note is invalid for lack of consideration, and that the debts sued on arose out of open account transactions which have prescribed.
Defendant has taken this suspensive appeal from the judgment of the trial court favorable to plaintiff.
*395 The facts giving rise to this litigation as shown by the evidence in the record are substantially as follows:
Plaintiff, a merchant in Rayville, for many years sold merchandise and made cash advances to defendant on an open account basis. Periodically, usually every three months, the parties reviewed the account, determined the balance then owed, calculated interest at eight percent per an-num and defendant would sign a note for the determined balance plus interest. Most of the monies advanced to defendant or paid out by plaintiff on his behalf were in connection with defendant’s farming and in his operation of a school bus route for the Richland Parish School Board. A portion of the monies advanced during 1966 ($1,186.31) were allegedly charged to defendant’s account with his consent to finance a logging operation for defendant’s son.
On or about September 12, 1966, at defendant’s request, plaintiff purchased -the February 24, 1960 note which was secured by a mortgage on his residence. After purchase of this obligation owed by defendant, plaintiff consolidated the balance owed on the note of $2,200 into the general indebtedness owed him by defendant.
During the period beginning with the fall of 1967 through the spring of 1969, due to defendant’s illness, his school bus was operated by a third person who was paid with advances made by plaintiff. All gasoline payments and mortgage payments for the purchase price of the bus were advanced by defendant.
On September 9, 1963, defendant authorized the school board to send his monthly checks earned on the school bus route to plaintiff to apply on his indebtedness. This continued until around September of 1972. At about this time a judgment creditor of Williams, Delhi Feed & Seed Company, obtained a judgment against the school board, declaring the assignment of Williams’ earnings to O’Neal to no longer be effective. Payments to O’Neal by the school board were thus terminated.
Pursuant to demands by O’Neal on Williams for the full payment of the indebtedness owed him, Williams obtained legal counsel who negotiated a payment arrangement with O’Neal. Contemporaneously with these negotiations, Williams executed the note sued on dated August 1, 1969, allegedly representing the total balance owing at that time. Pursuant to this agreement, Williams made monthly payments for approximately one year totaling $1,400. These payments were stopped in September, 1970, and plaintiff filed suit in December, 1971.
In addition to the defenses set forth in the exceptions filed (payment, lack of consideration and prescription) defendant on trial of the case sought to prove plaintiff had converted property of defendant’s to his own use which extinguished any obligation that might have existed. This is based on the endorsement of defendant’s name by plaintiff on several of the checks forwarded by the school board to defendant in accordance with the written assignment and instructions executed by defendant. There was no question of the validity of the assignment, and although the endorsement by plaintiff of defendant’s name may not have been proper, it, nevertheless, was not prejudicial to him in view of the assignment to plaintiff and as the proceeds were shown to have been credited to defendant’s account.
The principal complaints of defendant on this appeal relate to the trial court’s failure to sustain defendant’s plea of a lack of consideration for the note sued on and its failure to sustain a plea of res judicata tendered by defendant during the course of the trial.
We shall discuss the issue of res judicata projected by defendant first. This plea is based on a judgment in a garnishment proceeding brought by Delhi Feed & Seed, Inc., seeking to satisfy its *396 judgment against Williams out of his school board earnings. The judgment rendered gave priority to the Delhi Feed & Seed, Inc., garnishment over the prior assignment to O’Neal as the court declared O’Neal’s assignment would have been satisfied by its own terms. Defendant urges this judgment to be a recognition that all obligations owed by Williams to O’Neal had been paid in full. O’Neal was not a party to the suit, and the thing demanded was not the same as in the instant suit. We find no merit to the plea of res judica-ta offered by defendant.
In reviewing defendant’s complaint that the note dated August 1, 1969, sued on by plaintiff is unenforceable for lack of consideration, there is no disagreement on the law of burden of proof.
The law in this regard has been concisely stated in Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257 (1956), as follows :
“Under the Negotiable Instruments Law of this state and the jurisprudence of this court, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. R.S. 7:24; Moss v. Robinson, 216 La. 295, 43 So.2d 613, and cases there cited. For this reason, a plaintiff suing on a negotiable instrument is not required to produce any proof of consideration when he introduces the instrument into evidence, and this remains true in spite of the fact that the defendant in his answer may have alleged lack of consideration. Absence or failure of consideration is a matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto. R.S. 7:28. The burden is thus on the defendant of going forward with the evidence and rebutting the prima facie case in favor of plaintiff. However, if during the trial of the case the defendant offers evidence which casts doubt upon the reality or the amount of the consideration, the presumption that the note was given for value is rebutted, and the burden shifts to the plaintiff to prove consideration by a preponderance of the evidence. Moss v. Robinson, supra.”
Defendant contends the evidence adduced on trial cast serious doubt as to whether he owed any indebtedness to plaintiff at the time of the execution of the August 1, 1969 note, therefore the burden fell on plaintiff to prove by a preponderance of the evidence the existence of the indebtedness for which plaintiff contends the note was given. Defendant contends the evidence offered by plaintiff was inadequate and insufficient to carry this burden of proof. In addition, defendant contends the consideration for the note sued on resulted from open account transactions which had prescribed prior to the execution of the instrument.
Even conceding that defendant established any doubt on the sufficiency of consideration for the note in question, we find the record to sustain the trial judge’s finding the plaintiff offered proof showing an adequate consideration for the execution of the note.
 It is elementary that a note may be given to acknowledge an open account indebtedness. Even a debt that has prescribed can be revived by the acknowledgment of the debtor and the execution of a promissory note inclusive of any prescribed balance on an open account would constitute an acknowledgment.
We do not interpret defense counsel’s brief to disagree with these legal principles, but understand his position to infer that defendant was a person of limited business understanding and did not intend such a result when he signed the August 1, 1969 note. Counsel also contends the note was signed under circumstances of economic coercion.
The trial judge found in his reasons for judgment that the defendant was *397 represented by counsel prior to and at the time of the execution of the August 1, 1969 note and found no basis to conclude he was taken advantage of. This finding is amply supported by the evidence.
Plaintiff introduced into evidence the ledger sheets reflecting all transactions with defendant from April, 1961, through September 4, 1970. These entries were made in plaintiff’s handwriting and he testified as to the authenticity of the entries and the correctness of the balance shown thereon. He explained the entries with sufficient clarity and connectivity to render his accounting records admissible as evidence purporting to show the dates and amounts of advances and charges to defendant and credits given on the account. Although he did not have cancelled checks to corroborate all of the entries reflecting cash advances, or payments made to others on behalf of defendant for the entire period of years, we do not deem this necessary in view of the procedures followed by the parties. Plaintiff testified that at the end of each quarter a note was signed by defendant after a discussion of the correct balance of the account. This is not denied by defendant. We interpret this action as an acknowledgment of the correctness of the account to that date. Therefore, it is understandable plaintiff would not necessarily retain supporting evidence of all transactions that became merged into the acknowledged account balance. We find the ledger accounts by plaintiff as explained by his testimony to be sufficient to establish the proof of consideration by a preponderance of the evidence.
Some question was raised during trial in regard to the charge against defendant’s account of the sum of $1,186.31 advanced to defendant’s son while he carried on a logging operation. Although the testimony of plaintiff and defendant is conflicting as to whether defendant participated in the logging venture or otherwise authorized the charges to his account, we find the subsequent actions of defendant in signing notes, the balance on which included this expense, to be an agreement to pay the debt. The evidence convinces us defendant knew this amount was charged to him at the time he and plaintiff next reviewed the account on June 1, 1966, and defendant signed a note for the balance thereon.
Defendant has not shown by competent evidence any specific payments made to plaintiff for which credit was not allowed on plaintiff’s accounting records. His testimony on cross examination in regard to whether he knew he was indebted to plaintiff on August 1, 1969, is conflicting and leads us to the conclusion he knew he was indebted to plaintiff but did not know the correct balance. Defendant has therefore failed to offer sufficient proof to overcome the evidence presented by plaintiff.
For the foregoing reasons we find no error in the judgment appealed from and it is affirmed at appellant’s costs.